SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cornelius James Caldwell, | No. CV 08-2086-PHX-DGC (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Sun City Endoscopy, et al., | |
| Defendants. | |

Plaintiff Cornelius James Caldwell, who is confined in the California State Prison-Solano, in Vacaville, California, filed a *pro se* Complaint. (Doc.# 1.) The Court dismissed Count III for failure to state a claim and ordered Plaintiff to show cause why his remaining claims and this action should not be dismissed as barred by the statute of limitations. (Doc.# 10.) Plaintiff has filed a response in which he attempts to show cause why his remaining claims should not be dismissed as time-barred. (Doc.# 12.) Plaintiff has failed to show cause why his remaining claims and this action are not barred by the statute of limitations. This action will therefore be dismissed.

**I.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen civil complaints brought by prisoners. See 28 U.S.C. § 1915(e)(2) (*in forma pauperis* statute); 28 U.S.C. § 1915A (prisoner case screening statute); and 42 U.S.C. § 1997e(c) (Civil Rights of Institutionalized Persons Act). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek money relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Complaint.

Plaintiff alleged two state law counts for the wrongful death of his mother, Marlene Smith Foulds, due to medical malpractice. He sued Sun City Endoscopy, Arrowhead Hospital, and Drs. David L. Child, Craig Nagle, Caren Borjeson, and Jagdeep K. Bains, who were employed at Boswell Memorial or Arrowhead Hospitals. Plaintiff seeks compensatory relief.[1]

Except as otherwise indicated, Plaintiff alleged the following facts: Plaintiff's mother lived in Surprise, Arizona, when she sought treatment for rectal pain. His mother, who was poor, belonged to an unidentified Health Maintenance Organization (HMO). That HMO wrongfully delayed prompt examination of Ms. Foulds by physicians. When she was finally examined, she was diagnosed with colon cancer, which necessitated surgery to remove tumors in December 2003. Shortly after the colon surgery, Ms. Foulds began to seek examination of a painful lump in her breast, but the HMO again delayed an examination. By the time she was examined, she was found to have breast cancer and to require a mastectomy. Depression over her health prompted Ms. Foulds to move from Arizona back to Cleveland, Ohio, to die. According to publicly available records, Plaintiff's mother died in Ohio on February 24, 2006.[2]

## III. Failure to State a Claim Under State Law.

In Counts I and II, Plaintiff alleged state law claims for medical malpractice and/or wrongful death of his mother. A complaint fails to state a claim where a defense is complete and obvious from the face of the pleadings. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) now codified at 28 U.S.C. § 1915(e)(2)(B)). Further, in the absence of waiver, a court may raise the defense of statute of limitations *sua sponte*. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993); see also Hughes

---

[1] Boswell Memorial and Arrowhead Hospitals are located in the Phoenix metropolitan area. Plaintiff alleged that the events at issue occurred in Arizona. It appears that the parties are completely diverse for purposes of jurisdiction, although Plaintiff did not allege an amount in controversy.

[2] See http://ssdi.rootsweb.ancestry.com/cgi-bin/ssdi.cgi.

- 2 -

v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred under § 1915(e)(2)(B)); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (same); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez, 943 F.2d 104, 107-08 (1st Cir. 1991) (same).

The Arizona statute of limitations for personal injury actions, including medical malpractice and wrongful death, is two years. See A.R.S. § 12-542; Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). Section 12-542 of the Arizona Revised Statutes provides in relevant part that:

> [T]here shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:
>
> 1. For injuries done to the person of another including causes of action for medical malpractice as defined in § 12-561.[3]

---

[3] Section 12-561 provides that unless the context otherwise requires:
1. "Licensed health care provider" means both:
(a) A person, corporation or institution licensed or certified by the state to provide health care, medical services, nursing services or other health-related services and includes the officers, employees and agents thereof working under the supervision of such person, corporation or institution in providing such health care, medical services, nursing services or other health-related services.
(b) A federally licensed, regulated or registered blood bank, blood center or plasma center collecting, processing or distributing whole human blood, blood components, plasma, blood fractions or blood derivatives for use by a licensed health care provider and includes the officers, employees and agents working under the supervision of the blood bank, blood center or plasma center.
2. "Medical malpractice action" or "cause of action for medical malpractice" means an action for injury or death against a licensed health care provider based upon such provider's alleged negligence, misconduct, errors or omissions, or breach of contract in the rendering of health care, medical services, nursing services or other health-related services or for the rendering of such health care, medical services, nursing services or other health-related services, without express or implied consent including an action based upon the alleged negligence, misconduct, errors or omissions or breach of contract in collecting, processing or distributing whole human blood, blood components, plasma, blood fractions or blood derivatives.

1
2
> 2. For injuries done to the person of another when death ensues from such injuries, which action shall be considered as accruing at the death of the party injured.

3 Arizona law provides for the tolling of the statute of limitation after a cause of action accrues
4 for the period during which a plaintiff was less than 18 years old or of unsound mind.[4]
5 A.R.S. § 12-502.

6 Plaintiff filed his complaint on November 10, 2008. For his state claims to be timely,
7 they must have accrued no earlier than November 10, 2006, two years before his Complaint
8 was filed. Under state law, a claim for wrongful death accrues at the death of the party
9 injured. As noted above, Plaintiff's mother died in February 2006. The Court accordingly
10 ordered Plaintiff to show cause why his state law claims should not be dismissed as time-
11 barred.

12 In his response, Plaintiff states that he is his mother's only child and a layperson, who
13 lacked access to Arizona law. He "throws" himself on the mercy of the Court. Plaintiff also
14 asserts that he at one point had a breakdown and was treated for depression. Plaintiff
15 otherwise argues, based on inapposite case law, that he should be allowed to proceed under
16 42 U.S.C. § 1983. Plaintiff acknowledges that his mother died in February 2006 and that he
17 learned as much no later than March 2006. While the distress and loss Plaintiff expresses
18 over his mother's death are understandable, Plaintiff fails to show any legally cognizable
19 basis for his failure to commence suit prior to the running of the statute of limitations.
20 Accordingly, Plaintiff's remaining state law claims and this action will be dismissed as
21 barred by the statute of limitations.

22 **IT IS ORDERED:**

23    (1)   Counts I and II and this action are **dismissed**.

24    (2)   The Clerk of Court must enter a judgment of dismissal of this action with

---

[4] Arizona's former tolling provision for prisoner causes of action, A.R.S. § 12- 502(B), was repealed effective July 20, 1996. See TwoRivers v. Lewis, 174 F.3d 987, 995 (9th Cir. 1999). Because Plaintiff's claims accrued after repeal of the tolling provision, he is not entitled to tolling on that basis.

1  prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

2  DATED this 14th day of April, 2009.

*David G. Campbell*
United States District Judge

- 5 -